[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11949
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-00883-CEM-GJK

HENRY L. MCCONE,

Plaintiff-Appellant,

versus

JANET C. THORPE,
individually and in her official
capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 29, 2020)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit
Judges.

PER CURIAM:

Henry L. McCone appeals the dismissal of his complaint against the Honorable Janet Thorpe of the Ninth Judicial Circuit of Orange County, Florida. 42 U.S.C. § 1983. McCone complained that Judge Thorpe's conduct during a pretrial hearing and her decisions to stay his civil action pending his appeal and later refusal to lift the stay violated his rights of access to the courts and to due process under the U.S. Constitution and the Florida Constitution. McCone sought a judgment declaring the judge's actions unconstitutional and enjoining the judge from "engaging in such unconstitutional and unlawful acts" and compelling her "to develop policies and procedures for preventing the recurrence of any such unconstitutional and unlawful acts." The district court dismissed McCone's request for declaratory relief based on absolute judicial immunity and his request for injunctive relief for failure to state a claim. McCone filed a motion to alter or to reconsider the judgment, which the district court denied. Fed. R. Civ. P. 59(e), 60(b). We affirm.

McCone waived his right to challenge the dismissal of his request for declaratory relief. As the district court stated in its order of dismissal, when a party fails to object to the findings or recommendations in a magistrate judge's report, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th

2

Cir. R. 3-1. McCone objected to the magistrate judge's report only on the ground that judicial immunity did not apply to his request for prospective equitable relief. So McCone waived any challenge he could have made to the determinations that all Judge Thorpe's acts about which McCone complained were judicial functions performed in his civil case, *see Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), and that judicial immunity barred his request for retrospective equitable relief—that is, a judgment declaring that the judge's earlier actions violated federal and state law, *see Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336–37 (11th Cir. 1999).

The district court correctly dismissed McCone's request for prospective injunctive relief. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of h[er] court," *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018), "regardless of whether [s]he made a mistake, acted maliciously, or exceeded h[er] authority," *id.* at 1331. Immunity applies to most suits brought for injunctive relief for "an act or omission taken in [a judicial] officer's judicial capacity." 42 U.S.C. § 1983. Section 1983 states that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* McCone alleged no facts entitling him to an injunction because, in the words of the district court, he did not allege that "Judge Thorpe . . . violated a declaratory degree []or . . . that declaratory relief is unavailable to him."

Moreover, as the district court mentioned, McCone had an adequate remedy at law. The state court had lifted the stay in his case, and he could appeal any decision or challenge it in a petition for an extraordinary writ.

McCone argues that the district court erred by failing to treat Judge Thorpe's motion to dismiss as a motion for summary judgment because she attached a copy of the state court docket to her filing, but we disagree. A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See* Fed. R. Evid. 201(b); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–80 (11th Cir. 1999).

The district court also did not abuse its discretion when it denied McCone's post-judgment motion. McCone identified no new evidence or manifest error in the ruling that required the district court to alter or to reconsider its judgment. *See* Fed. R. Civ. P. 59(e), 60(b); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). His motion consisted of arguments concerning the merits of his action in the state court and his request for injunctive relief. *See Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

We **AFFIRM** the dismissal of McCone's complaint.

4